UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                                )<br>            Plaintiff,              )<br>       v.                                                   )       Case No. 02-CR-20018<br>                                                                )<br> OSCAR LEE PETTIGREW,          )<br>                                                                )<br>            Defendant.              ) | |

**OPINION**

On January 29, 2008, Defendant, Oscar Lee Pettigrew, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#27). That same day this court appointed the Federal Defenders Office to represent Defendant. On June 4, 2008, Defendant, through court-appointed counsel John Taylor, filed a Second Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#28). On August 8, 2008, the Government filed its Response (#29). On September 25, 2008, this court, via text order, granted a stay in Defendant's pending the resolution of a similar case in the Rock Island Division of this court (the case is <u>United States v. Jones</u>, Consolidated Appeal Nos. 08-2993, 08-3673, and 08-3676, currently pending in front of the United States Court of Appeals for the Seventh Circuit). On February 13, 2009, defense counsel filed this Notice of Intent to Not File a Reply to Government's Response and Motion to Withdraw as Counsel (#35). For the following reasons, this court GRANTS defense counsel's Motion to Withdraw (#35).

BACKGROUND

Defendant plead guilty on May 10, 2002, to one count of attempt to possess 50 or more grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). The offense carried a mandatory statutory minimum penalty of 20 years imprisonment. The Second Revised Pre-Sentence Report adopted at sentencing on February 19, 2003, reported that Defendant was accountable for 1,220.66 grams of crack and 56.8 grams of powder cocaine, for a combined total of 24,424.56 kilograms of marijuana equivalent drugs. The PSR further reported that "the defendant has admitted that during the past two and one-half years he has sold 3 ounces of crack cocaine per week... approximately 110 weeks. The defendant indicated that he sold 3 ounces (85.05 g) per week which would total 9,355.5 g or 9.355 kg ... according to U.S.S.G. § 2D1.1(c)(1), offenses involving over 4.5 kilograms of cocaine base (crack) have a base offense level of 38."

The PSR then reported, and the court adopted, a 2-level downward adjustment because Defendant met the "safety-valve" of U.S.S.G. § 5C1.2, and a 3-level downward adjustment for acceptance of responsibility and a timely guilty plea, resulting in a total offense level of 33. With a criminal history category of I, the guideline imprisonment range became 135 to 168 months. The PSR further reported, and the court adopted, that although the statutorily required minimum sentence of 240 months was greater than the maximum of the applicable guideline range, Defendant met the criteria of 18 U.S.C. § 3553(f)(1) - (5) and that the court could therefore sentence Defendant within the applicable guideline range without reference to any mandatory minimum sentence. On February 21, 2003, this court entered judgment of conviction and sentence, sentencing Defendant to 135 months imprisonment.

On January 29, 2008, Defendant filed his pro se Motion for Retroactive Application of the

Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#27). Following the appointment of the Federal Defender's office, Defendant, through counsel John Taylor, filed his Second Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#28). The Government filed its Response (#29) on August 8, 2008. In its Response, the Government argued that Defendant was not entitled to a sentence reduction under the crack cocaine amendments to the Sentencing Guidelines because the retroactive amendments to the crack guidelines do not have the effect of lowering Defendant's guideline range because he was held accountable for more than 4.5 kilograms of crack during his original sentencing. The stay was implemented by this court on September 25, 2008. However, on January 22, 2009, the Seventh Circuit issued its opinion in United States v. Forman, 553 F.3d 585 (7th Cir. 2009), which contains issues similar and germane to those involved in Defendant's case. So, upon review of Forman and other Seventh Circuit decisions, defense counsel William C. Zukosky of the Federal Defender's office filed this Motion to Withdraw (#35), arguing that this court lacks jurisdiction to revisit Defendant's sentence, since the crack amendments do not have the effect of lowering Defendant's applicable guideline range.

## ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce

the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. [1(A)].

In Forman, defendant Marvin Childress plead guilty in 2002 to distributing crack and was given a 135 month sentence. Forman, 553 F.3d at 590. At sentencing, Childress was held responsible for more than 4.5 kilograms of crack and thus the crack amendments would not affect his sentencing. On appeal, however, Childress challenged the court's drug-quantity finding at sentencing, arguing that his plea agreement held him accountable only for distributing 1.5 kilograms of crack. The Seventh Circuit rejected the argument, however, noting that the sentencing court, on the basis of calculations contained in the PSR, found that Childress was actually responsible for 17.1 kilograms of crack, and, as Childress was told by the court in his plea colloquy, the drug quantity stated in his plea agreement did not bind the court under U.S.S.G. §6B1.4(d). Forman, 553 F.3d at 590. The Seventh Circuit concluded:

> "Moreover, he [Childress] could not benefit from Amendment 706 because that amendment affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c)(1). Because the sentencing court found him responsible for 4.5 kilograms or more, Childress's base offense level remains 38 under the current version of § 2D1.1(c)(1) and a sentence

reduction is not authorized. *See id.* § 1B1.10(a)(2)(B)." Forman, 553 F.3d at 590.

In the instant case, Defendant's situation is nearly identical to that of Childress in Forman. Defendant was held responsible for more than 4.5 kilograms of crack at sentencing. Therefore, since his base offense level remains 38, the crack amendments do not have the affect of lowering Defendant's applicable guideline range, and thus a sentence reduction is not authorized. See Forman, 553 F.3d at 590. Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2). Defense counsel's Motion to Withdraw as Counsel (#35) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) The Motion to Withdraw as Counsel (#35) filed by the Federal Public Defender's office is GRANTED and Defendant is allowed to proceed in this matter pro se.

(2) Defendant shall file with this court, no later than 30 days of the date of this Order, a pleading that either (a) concedes that the Amendment does not apply because he was held responsible for more than 4.5 kilograms of crack, or (b) explains why the Amendment applies in spite of the sentence being held responsible for more than 4.5 kilograms of crack.

ENTERED this 4th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE